IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV50-01-MU

MAURICE WHITE, )
)
    Plaintiff, )
)
v. ) **O R D E R**
)
R. DAWKINS, et al., )
)
    Defendants. )
)

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss, filed May 23, 2005.

Pursuant to 28 U.S.C. § 1915(e), a prisoner shall not bring a civil action or appeal a judgment in a civil action without the prepayment of fees if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim. The only exception to this filing prohibition is if the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Defendants have brought to the Court's attention that the Plaintiff has had more than three prior actions that were dismissed because they were found to be frivolous or because they failed to state a claim. More specifically, Plaintiff's Complaints in White v. Caruse, 5:03-CT-409-BO (E.D.N.C., dismissed June 25, 2005); White v. UNC Medical Center, 5:03-CT-447-F(3)(E.D.N.C., dismissed August 26, 2003); and White v. McFeathers, 5:03-CT-923-BO(E.D.N.C., dismissed December 19, 2003), were each dismissed as frivolous or for failure to state a claim. In addition,

this Court has dismissed a Complaint filed by Plaintiff for failing to state a claim (3:04CV612).

As noted above, an "imminent danger of serious physical injury" exception exists to the three strike rule. Plaintiff's present assertions that Defendants prodded his open wound after surgery, removed his athletic supporter too soon after his surgery, gave him antibiotics that caused him to vomit, and refused to transport him to a hospital do not sufficiently allege that Plaintiff is in imminent danger of a serious physical injury so as to satisfy the exception to the three strikes rule. Moreover, a review of the numerous cases filed by Plaintiff here and in the United States District Court for the Eastern District of North Carolina reveals that over the course of the last two or more years Plaintiff has repeatedly asserted that he is the subject of a conspiracy to murder him or that he is being given inadequate medical treatment. Such continuous assertions severely undermine Plaintiff's credibility regarding any dangers he is allegedly exposed to in prison. Indeed, Plaintiff is precisely the type of litigant for whom the three strike rule was designed. Consequently, this Court concludes that Plaintiff's present Complaint does not adequately assert that he is in imminent danger of serious physical injury and because Plaintiff has three "strikes" against him, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' Motion to Dismiss is **GRANTED**; and

2. Plaintiff's Complaint is **DISMISSED**.

**Signed: August 24, 2005**

Graham C. Mullen
Chief United States District Judge